## Case No. 17,832a.

### WILSON v. SELIGMAN.

[10 Reporter, 651.] [1]

Circuit Court, S. D. New York. Oct. 25, 1880.

EQUITY PRACTICE — BILL OF REVIVOR—REPRESENTATIVE OF DECEASED PARTNER.

In a suit in equity against the members of a firm a demurrer will not lie to a bill of revivor to bring in the representative of a deceased partner.

George B. Newell, for plaintiff.

Evarts, Southmayd & Choate, for defendants.

BLATCHFORD, Circuit Judge. The demurrer to the bill of revivor must be overruled. It is said in 1 Daniell, Ch. Prac. (4th Ed.) p. 269, that if there be a demand against a partnership firm all the persons constituting that firm must be before the court, and if any of them are dead the representatives of the deceased partners must be likewise made parties. Judge Story seems to be of the same opinion. Story, Eq. Pl. § 167, note 2, and Id. § 169. This rule certainly applies to equitable demands, such as that in this suit, and to cases of purely equitable relief, such as that prayed for in this bill. The cases of Van Reimsdyk v. Kane [Case No. 16,871], and Voorhis v. Child's Ex'r, 17 N. Y. 384, cited by the defendants, are not in point. In the first case the suit was to recover the amount of a bill of exchange suable at law. What the court says is that where the claim is suable at law against the surviving solvent partners equity will not lend its aid against the representative of a deceased partner unless the bill alleges the insolvency of the surviving partners. In the second case no different rule is laid down as being the law of New York. It was a suit at law on a promissory note to recover its amount against the survivors of the firm which made it and the executor of a deceased member of the firm, and the complaint was held bad on the demurrer of the executor because it did not allege any proceedings against the survivors, or that they were insolvent. Demurrer overruled.

[1] [Reprinted by permission.]